*Southern District*

No. 7973

## TOWN OF CHATHAM
v.
## LeROY A. ANDERSON, EXECUTOR

November 30, 1954

*Cox, J.* This is an action of contract brought by the Town of Chatham with the approval of the Massachusetts Department of Public Welfare to be reimbursed for financial assistance to the defendant's testatrix, Sarah D. Atkins, an aged citizen. G. L. c. 118A, §4A, as appearing in St. 1948, c. 581, §3.

The case was heard on an agreed statement of all material facts amounting to a "case stated." The judge found for the defendant. He took no action on requests for rulings duly presented by both parties.

"It was the duty of the judge to order the correct judgment upon the case stated. The . . . requests for rulings . . . had no standing." *Associates Discount Corp. v. Gillineau*, 322 Mass. 490, 491. *Reddin v. Ramsey*, 309 Mass. 225, 227. We proceed, therefore, to consider the judge's finding for the defendant.

Sarah D. Atkins, a widow, died testate on April 16, 1952, a resident of Chatham. She had received direct payments as an aged citizen from May 16, 1938 until she died. These payments amounted to $11,660.06. When she died the town paid $355.60 for her last sickness and funeral expenses. Mrs. Atkins owned real estate in Chatham at the time she qualified for old age assistance and lived there continuously while receiving assistance, except during the periods in 1951 and 1952 when she was in the hospital and nursing home. The real estate was assessed by the Chatham assessors for $1650.00 for each of the six years 1933 to 1938, both inclusive.

In accordance with a provision in Mrs. Atkins' will, the executor sold the real estate and personal property of Mrs. Atkins at separate auction sales. From the sale of the real estate, he received $5200.00. From the sale of her personal property, he received a net amount of $1037.82. The items of personal property were listed and appraised in the executor's inventory as a ladies gold filled 15 jewel Waltham wrist watch $10.00; ladies gold filled bracelet $5.00; green vase $3.00; Chinese picture of cats and dogs $2.00; furniture, furnishings, bric-a-brac, pictures,

personal clothing and effects $400.00. An item of
$198.84 cash on hand was also inventoried. In ad-
dition to the foregoing, the executor also came into
possession of $4.00 from the return of a premium
on a policy of fire insurance and $33.10 from the
sale of two shares of stock and dividends thereon.

On February 5, 1952, there was recorded in behalf
of the Town of Chatham a lien on Mrs. Atkins'
real estate. That lien was recorded in compliance with
the requirements of St. 1951, c. 801, §4 (G. L. c.
118A, §4), which became effective on January 1,
1952. That section of the statute requires a town to
take a lien on real estate in which the applicant or
recipient is residing, as a condition of granting old
age assistance and provides a comprehensive procedure
in equity for the enforcement of the lien. The lien
was discharged at the time the real estate was sold
by the executor upon the payment to the Town of
Chatham of $941.99, that being the amount of assist-
ance given Mrs. Atkins on and after January 1, 1952.

After payment of all bills, debts, and expenses of
administration, the executor will have in possession
between $3000.00 and $4000.00. The Town of
Chatham claims this balance and the executor con-
tends it belongs to the residuary legatee under Mrs.
Atkins' will.

The right of a municipality to recover for old age
assistance payments made without mistake, accident,
or fraud has been held to depend on a statute enabling
it to do so. *Worcester v. Quinn*, 304 Mass. 276. It
was pointed out in *Boston v. McCafferty*, 328 Mass.
177, 178, 179, that since the Quinn case, the Legis-
lature granted ". . . a remedy to cities and towns to
secure reimbursement under certain conditions where
the recipient of old age assistance or his executor or
administrator has come into funds . . .". The enabling
statute is G. L. c. 118A, §4A, inserted by St. 1941,
c. 729, §5, which, as appearing in St. 1948, c. 581,
§3, reads:

"A person shall be liable in contract to any town for expenses incurred by it under this chapter for assistance rendered to such person under this chapter if such person is in possession of funds not otherwise exempted, provided action is commenced against such person within six years next after the date when said person last received assistance or support under this chapter or chapter one hundred and seventeen. The executor or administrator of such person shall likewise be liable for such expenses if the estate of such person is in possession of funds not otherwise exempted thereunder, but in any action therefor the defense of the statute of limitations shall not be available to the executor or administrator except as provided in chapter one hundred and ninety-seven. In no event, however, shall any action be brought under this section in behalf of a town except with the written approval of the department."

As in the case of *Town of Dartmouth v. Paull, executor,* 329 Mass. 22, "The question for decision is whether the real and personal estate of which the recipient of assistance died possessed can be considered funds in the hands of the executor 'not otherwise exempted' so that the estate becomes liable for the repayment of the furnished assistance." In that case, the recipient of old age assistance received under his wife's will a devise of the real estate in which he had resided during the time he was being assisted and which was assessed at $1200.00 for 5 years preceding his application for assistance. At his death, his personal estate was less than $500.00. After paying all claims against the estate, the executor had remaining $6.93 which the Town of Dartmouth claimed as partial reimbursement. The Supreme Judicial Court ruled against the Town of Dartmouth and held that "It would be strange if the intendment of the statute was that the town on one hand could render assistance to the applicant although he owned certain

property, and on the other hand bring an action against him to recover the amount of the assistance because he owned that same property." The conclusion was that the funds in the hands of the executor in the Paull case were not funds of his testator "not otherwise exempted".

*Dartmouth v. Paull* is a clear precedent in point that the Town of Chatham may *not* recover from Mrs. Atkins' estate any of the proceeds of the sale of her real estate. This result is not affected by G. L. c. 218A, §4, as amended by St. 1951, c. 801, §4 which gave the town a right of lien which it exercised and on the strength of which was reimbursed for assistance given Mrs. Atkins from January 1, 1952 until she passed away.

We must also apply the reasoning in the case of *Dartmouth v. Paull* to certain other items of property. G. L. c. 118A, §5A as most recently amended by St. 1951, c. 536, provides that "the ownership of bank deposits, cash on hand, or similar assets not exceeding, in the aggregate, five hundred dollars shall not disqualify an applicant from receiving assistance." Accordingly, $198.84 cash on hand when Mrs. Atkins died, the proceeds from the sale of stock and dividends thereon amounting to $33.10, and, we think, $4.00 refund of fire insurance premium, being items which did not disqualify Mrs. Atkins as a recipient of old age assistance, may not be recovered from her estate. Those three items total $235.94. Whether the sum of $264.06 to make up a total of $500.00 is also beyond the reach of the town presents a point to be decided. That point was avoided by the parties in *Boston v. McCafferty*, 328 Mass. 177, 178, who agreed that the defendant had in his possession $500.00 in excess of the total of the city's claim when the City of Boston brought action. §5A as amended by St. 1951, c. 536, in our opinion, shows a clear intent to exempt $500.00 in personal property and we so hold.

In the report it appears that the executor realized $1037.82 from the sale of personal property, pos-

sessed himself of $198.84 in cash, which Mrs. Atkins had on hand, and received $37.10 from a refund of a fire insurance premium, and the sale of stock and dividends thereon. Those items total $1273.76. Deducting therefrom the sum of $500.00 as exempt, we conclude that the Town of Chatham is entitled to recover the sum of $773.76 by virtue of the provisions of G. L. c. 118A, §4A as appearing in St. 1948, c. 581, §3.

*The finding for the defendant is vacated. The plaintiff is to have judgment in the sum of $773.76 with interest from the date of the writ.*

Igo W. Toabe, for the plaintiff.

Leroy A. Anderson, Daniel J. Fern, for the defendant.